# IN THE COURT OF APPEALS OF IOWA

No. 15-1811
Filed October 26, 2016

**DAWN MARIE CLEMENS,**
    Plaintiff-Appellee,

**vs.**

**JAMES WALTER CLEMENS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

James Walter Clemens appeals the district court's entry of a protective order against him. **AFFIRMED.**

Jesse M. Marzen of Marzen Law Office, P.L.L.C., Waverly, for appellant.

Christina M. Shriver, Waterloo, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLIN, Judge.**

James Walter Clemens appeals the district court's entry of a protective order against him. We affirm.

On September 11, 2015, Dawn Marie Clemens filed a petition for relief from domestic abuse. The district court entered a temporary protective order and scheduled a hearing date for a final protective order. On September 24, James filed a motion to present evidence by affidavit. On September 28, a hearing was held on Dawn's petition. The hearing was scheduled to last thirty minutes, and no party objected to the time designated for the hearing or requested additional time prior to the hearing. While the district court did not rule upon James's motion to present evidence by affidavit prior to the hearing, his counsel indicated during the proceeding that no affidavits had been prepared.

Testimony was first taken from the parties, which commenced at approximately 11:45 a.m. and ended at approximately 12:30 p.m. The district court then asked how many witnesses remained. Dawn indicated she had one witness to call; James indicated he had five witnesses to call, whose testimony would collectively take an hour and a half to two hours. The district court indicated judicial time constraints prevented it from hearing all of the testimony that day, as the hearing had already extended beyond the allotted time and other hearings were set in the afternoon. James stated he was entitled to a hearing within five to fifteen days after the entry of a temporary order, that September 28 constituted the final day, and he did not agree to continue the matter to another day. The district court extended the allotted time for the hearing until 1 p.m., allowing each party an additional ten minutes to call witnesses and present

evidence. Dawn called one additional witness; James called two additional witnesses, although the second witness's testimony was cut short by the time constraints.

Following the hearing, the district court entered a protective order. James filed a motion for reconsideration, which the district court denied. James appealed.

On appeal, James alleges his due process rights were violated when the district court failed to rule upon his prehearing motion to submit testimony by affidavit and limited his ability to present testimony. As to James's first contention, the district court elected to wait until the time of trial to rule upon James's motion. James did not offer any affidavits into evidence as he had no affidavits prepared at the time of trial and admitted he had no affidavits to submit. Thus, he waived any claim to a right to submit affidavits,[1] and he cannot show prejudice as we have no record of affidavits to review.[2] *See State v. Redmond*, 803 N.W.2d 112, 127 (Iowa 2011) (noting even "[a]n erroneous evidentiary ruling is harmless if it does not cause prejudice"). As to his second argument, we review the district court's determination to place time limitations on the hearing for an abuse of discretion. *See In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998) ("It is generally recognized that matters relating to the course and

---

[1] We are not asked to decide and do not decide whether affidavits would have been admissible over an objection by Dawn.

[2] Further, at the hearing, the district court noted "if there were any affidavits to be presented, the other party would need to have an opportunity to cross-examine the individual who executed the affidavits. It might have shortened the amount of time necessary for direct examination, but still they would have needed to be present for cross." James then indicated the individuals were present at the time of the hearing.

conduct of a trial, not regulated by statute or rule, are within the discretion of the trial judge.").

James did not request additional time prior to the hearing, despite knowing only thirty minutes had been allotted. James did not request a continuance to have the rest of his witnesses heard; to the contrary, James invoked his statutory right to the expedited hearing and refused to waive that right. *See* Iowa Code § 236.4(1) (2015). This is not a circumstance where the district court imposed arbitrary or inflexible time limits. *See Ihle*, 577 N.W.2d at 68 (stating "arbitrary, inflexible time limits are disfavored"). Despite James's failure to request additional time before trial or to request a continuance to a later date when more time was available, the district court provided the parties extra time to present as much evidence as the existing time constraints allowed. In total, the hearing lasted an hour and twenty minutes. Under these circumstances, we cannot find the district court abused its discretion. *See id.* (noting district courts "should impose time limits only when necessary, after making an enlightened analysis of all available information from the parties").

James next disputes the sufficiency of the evidence supporting the district court's finding of domestic abuse. We note the district court ruled on multiple objections during the hearing; therefore, the action was tried at law and our review is for errors at law. *See Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997) (noting the court ruled on objections as they were made and, therefore, the case was tried at law); *see also Hittle v. Hester*, No. 08-1397, 2009 WL 1676904, at *1 (Iowa Ct. App. June 17, 2009) (noting the court ruled on at least one objection). "In a law action the district court's findings of fact are

binding upon us if those facts are supported by substantial evidence." *Bacon*, 567 N.W.2d at 417. "Evidence is substantial if reasonable minds could accept it as adequate to reach the same findings." *Id.*[3]

James does not claim Dawn failed to prove any specific element of domestic abuse. Instead, James's entire challenge to the sufficiency of the evidence rests upon his belief the district court should not have found Dawn credible. James alleges Dawn's testimony lacked credibility because the action was instituted simply to ensure Dawn would get custody of the parties' minor child.

Regardless of the standard of review applied, we give deference to the credibility findings of the district court. *See Wilker*, 630 N.W.2d at 594 (giving "[r]espectful consideration" to the credibility determinations of the district court where the action was tried in equity and reviewed de novo); *Thielman v. Thielman*, No. 06-1055, 2007 WL 913858, at *2 (Iowa Ct. App. Mar. 28, 2007) (acknowledging, in a domestic abuse action tried at law, "the district court, as trier of fact, has a better opportunity to evaluate the credibility of witnesses" than a reviewing court does); *Bear v. Bear*, No. 02-0518, 2003 WL 289513, at *1 (Iowa Ct. App. Feb. 12, 2003) (noting, in review of an action tried in equity, the reviewing court is "especially deferential to the district court's assessment of

---

[3] James alleges Dawn failed to prove domestic abuse by a preponderance of the evidence. *See* Iowa Code § 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."). Because this matter was tried at law, however, we review the sufficiency of the evidence. *Compare Wilker v. Wilker*, 630 N.W.2d 590, 597 (Iowa 2001) (considering whether domestic abuse had been proven by a preponderance of the evidence where the action was tried in equity), *with Cooper v. Cooper*, No. 03-0324, 2004 WL 61106, at *1 (Iowa Ct. App. Jan. 14, 2004) (considering the sufficiency of the evidence where the domestic abuse action was tried at law and reviewed for correction of errors at law).

witness credibility because the trial court has a firsthand opportunity to hear the evidence and view the witnesses").

At trial, Dawn testified that, in addition to years of emotional abuse, James physically assaulted her on March 13. Dawn stated James "tossed [her] out of the house" resulting in "scrapes up and down [her] arms and a cracked tooth." She also testified James punched a wall in the past and stated it was better he punched the wall than Dawn. Dawn indicated she was in fear of James and of the members of his motorcycle club, whom she testified James would bring to custody exchanges of their minor child, James would use to intimidate her, and abide by the code that "snitches get stitches." She stated she brought this action so she would not need to live in fear anymore and it was unrelated to any potential custody action. Dawn's sister confirmed Dawn was frightened of James, James was emotionally abusive to Dawn and others, James had threatened the motorcycle club would make Dawn disappear, and James had hurt Dawn in the past, including causing a chipped tooth. James denied these allegations, indicating no incidents of assault had occurred and the motorcycle club is sober, clean, and family friendly. He testified Dawn has claimed emotional abuse by others in the past and is a bit dramatic. A witness for James testified Dawn had said she would do whatever was needed to get custody of their child and another testified to the wholesomeness of the motorcycle club.

While the parties' testimony is clearly in conflict, the district court found Dawn's testimony more believable with regard to her claim that she was tossed from the house and suffered injuries, which the court found corroborated by the sister's testimony. Substantial evidence supports the credibility finding of the

district court. We find the evidence was sufficient to justify the district court's issuance of a final domestic abuse protective order. *See Tessier v. Waldron*, No. 15-1618, 2016 WL 3010762, at *1-2 (Iowa Ct. App. May 25, 2016) (finding "[t]his case provides a textbook example of when deference to the district court's credibility finding is appropriate," where the appealing party claimed the petitioning party "was not credible" and the action had been filed simply to "gain an advantage" in a custody suit).[4]

**AFFIRMED.**

---

[4] While motive for filing an action may be considered by the district court in making credibility determinations, proof or failure of proof of the required elements is the ultimate test.